MICHAEL C. CHRISTMAN, SBN 319758
MACY'S LAW DEPARTMENT
11477 Olde Cabin Rd., Suite 400
St. Louis, MO 63141
Telephone:   (314) 342-6334
Facsimile:   (314) 342-6542
E-mail:        michael.christman@macys.com

Attorneys for Defendants
MACY'S WEST STORES, INC. and MACY'S INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN NITA,<br><br>                      Plaintiff,<br><br>         vs.<br><br>MACY'S WEST STORES, INC., an Ohio corporation; MACY'S, INC., a Delaware corporation; and DOES 1 - 10,<br><br>                      Defendants. | Case No.:   **'18CV0527 LAB  BGS**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>Action Filed in State Court: 2/18/18<br>San Diego County Superior Court<br>Case No. 37-2018-00006756 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

Defendants MACY'S WEST STORES, INC. and MACY'S, INC. ("Defendants"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of the removal of this lawsuit from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California. In support of this Notice of Removal of Action, Defendants respectfully submit to this Honorable Court:

**STATEMENT OF JURISDICTION**

1.     Defendant Macy's West Stores, Inc. ("MWSI") is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  Defendant Macy's, Inc. is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Plaintiff Dan Nita ("Plaintiff") was a citizen of California at the time the Complaint

Defendants' Notice of Removal of Action

was filed in the San Diego County Superior Court. Removal jurisdiction exists because this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332, and because this case may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which Plaintiff and Defendants are not citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth herein, this case meets all of the above requirements for removal and is timely and properly removed by the filing of this Notice of Removal of Action.

## STATE COURT ACTION

2.      On February 8, 2018, Plaintiff filed an action against Defendants in San Diego County Superior Court entitled *Dan Nita v. Macy's West Stores, Inc., a Ohio corporation; Macy's, Inc., a Delaware Corporation; and DOES 1 to 10,* Case No. 37-2018-00006756-CU-WT-CTL (the "State Court Action"). Plaintiff's Complaint asserts the following claims against Defendants: (1) Retaliation and Wrongful Termination in Violation of Labor Code § 1102.5; and (2) Retaliation and Wrongful Termination in Violation of Public Policy.  See generally Ex. 1, Complaint ¶¶ 1-47.

3.      True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference ("Notice"), and Defendants' Answer and Defenses to Plaintiff's Complaint ("Answer") are attached hereto as Exhibit 1. The Summons, Complaint, Civil Case Cover Sheet, and Notice were served on Defendant on February 13, 2018, and Defendants filed their Answer on March 8, 2018. No other process, pleadings, or orders have been served or filed in this action. No other pleadings have been filed, entered, served, or issued upon Defendants or by Defendants.

## TIMELINESS OF NOTICE OF REMOVAL OF ACTION

4.      This Notice of Removal of Action is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of receipt of the Summons and Complaint by Defendants. The Summons and Complaint were served on MWSI on

February 13, 2018. Defendant Macy's, Inc. was not served with the Summons and Complaint.

## DIVERSITY JURISDICTION

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

6. For diversity jurisdiction purposes, an individual person's citizenship is established by where that person is domiciled. 28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1886). "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750). Residence is prima facie evidence of domicile for the purposes of determining citizenship. *Saldana v. Home Depot USA, Inc.*, No. 16-484, 2016 U.S. Dist. LEXIS 80064, *5 (E.D. Cal. June 20, 2016); *Arellano v. Wal-Mart Stores, Inc.*, No. 17-5134, 2017 U.S. Dist. LEXIS 150368, *9 (C.D. Cal. Sept. 14, 2017); *Anderson v. Watt*, 138 U.S. 694, 706, 11 S. Ct. 449, 34 L. Ed. 1078 (1891) ("The place where a person lives is taken to be his domicil until facts adduced establish the contrary, and a domicil when acquired is presumed to continue until it is shown to have been changed.").

Defendants' Notice of Removal of Action          3.

7. Plaintiff is a citizen of the State of California. Plaintiff states in his Complaint that he has been and remains a citizen and resident of the County of San Diego in the State of California. Ex. 1, Complaint, ¶ 3. From August 26, 2013 until February 24, 2016, Plaintiff was employed as a sales associate in the Men's Department at the Macy's store #547 in La Jolla, California. Ex. 1, Complaint, ¶¶ 5, 9. Plaintiff's W-2 Wage and Tax Statements from 2011-2016 list Plaintiff's residence as being at 4055 Mt. Albertine Ave., San Diego, CA 92111. Correspondence mailed to Plaintiff also shows that his residence is at 4055 Mt. Albertine Ave. San Diego, CA 92111. Plaintiff is a citizen of California because he has lived, worked, and remained in California on a permanent/indefinite basis.

8. For purposes of removing a case from state court to federal court, the citizenship of Doe defendants is disregarded, and only named defendants are considered. 28 U.S.C. § 1441(b); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

9. For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

10. Defendant MWSI is a citizen of the State of Ohio. At the time Plaintiff filed the State Court Action, MWSI was incorporated under the laws of the State of Ohio. MWSI is still incorporated under the laws of the State of Ohio. At the time Plaintiff filed the State Court Action, MWSI's principal place of business was located in Cincinnati, Ohio. MWSI's principal place of business is still located in Cincinnati, Ohio. MWSI is not incorporated under the laws of the State of California and does not have its principal place of business in California, either at the time Plaintiff filed the

Defendants' Notice of Removal of Action        4.

State Court Action or currently.

11. Defendant Macy's, Inc. is the holding company and ultimate parent company for all of the Macy's and Bloomingdale's corporate entities. Its stock is traded on the New York Stock Exchange under the symbol "M." Macy's Inc. is a citizen of the States of Delaware and Ohio. At the time Plaintiff filed the State Court Action, Macy's Inc. was incorporated under the laws of the State of Delaware. Macy's, Inc. is still incorporated under the laws of the State of Delaware. At the time Plaintiff filed the State Court Action, Macy's, Inc.'s principal place of business was located in Cincinnati, Ohio. Macy's, Inc.'s principal place of business is still in Cincinnati, Ohio. Macy's Inc., is not incorporated under the laws of the State of California and does not have its principal place of business in California, either at the time Plaintiff filed the State Court Action or currently.

12. In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiff and Defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1),(c)(1).

### **AMOUNT IN CONTROVERSY**

13. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in his Complaint. *Henry v. Cent. Freight Lines, Inc.*, 692 Fed. Appx. 806, 807 (9th Cir. 2017); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Plaintiff seeks to recover compensatory damages, general damages (including for emotional distress), punitive damages, and attorney's fees. Ex. 1, Complaint, ¶¶ 39 a-e; 45-47, Prayer. Compensatory damages, general damages, attorney's fees, and punitive damages all are included in determining the amount in controversy. *Gonzales*

*v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (holding the amount in controversy "includes, *inter alia*, damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes.").

14.   Defendants reasonably and in good faith believe that the amount in controversy herein exceeds the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint is silent as to the total amount of damages claimed, the removing defendant need only establish that it is more likely than not that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

15.   **Compensatory Damages.** Plaintiff seeks recovery of lost wages. Ex. 1, Complaint, ¶¶ 39, Prayer. Should Plaintiff prevail on his claims for retaliation and wrongful termination in violation of public policy, he could recover lost wages. CAL. LAB. CODE § 98.6(b)(1) (allowing recovery of lost wages for violations of § 1102.5); *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-1945, 2016 U.S. Dist. LEXIS 94176, *13-14 (N.D. Cal. July 19, 2016) (including lost wages in amount in controversy for wrongful termination claim).

16.   Plaintiff alleges that he was most recently employed from August 26, 2013 to February 24, 2016. Ex. 1, Complaint, ¶ 9. Plaintiff seeks lost income from the date of his termination on February 24, 2016 continuing to the present and beyond. Ex. 1, Complaint, ¶¶ 39, 45, Prayer.

17.   As of the date of this Notice of Removal of Action, it has been more than two years since Plaintiff's employment was terminated on February 24, 2016. Plaintiff's last full year of wages, 2015, shows annual wages of $12,485.20. Assuming Plaintiff would have earned this amount in each of the two years since his termination, the Complaint alleges that Plaintiff has suffered at least $24,970.40 in lost wages as of the date of this filing, with the damages continuing into the future through trial.

18.   **Emotional Distress.** Plaintiff seeks recovery of emotional distress

damages. Ex. 1, Complaint, ¶¶ 39, Prayer. "Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes." *Castle v. Lab Corp. of Am.*, No. 17-2295, 2017 U.S. Dist. LEXIS 73701, *10 (C.D. Cal. May 15, 2017). *Accord Perez v. Hermetic Seal Corp.*, No. 16-5211, 2016 U.S. Dist. LEXIS 132728, *8 (C.D. Cal. Sept. 27, 2016). *See also Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-1945, 2016 U.S. Dist. LEXIS 94176, *13-15 (N.D. Cal. July 19, 2016) (including emotional distress damages in amount in controversy for wrongful termination claim).

19. Although Defendants dispute that Plaintiff is entitled to any award for emotional distress damages, plaintiffs in retaliatory termination cases based on filing complaints have been awarded substantial sums for emotional distress. *Iwekaogwu v. City of Los Angeles*, 75 Cal.App.4th 803, 821 (1999) ($450,000+ award); *Satrap v. Pacific Gas & Elec. Co.*, 42 Cal.App.4th 72, 76 (1996) ($225,000 award). Given the foregoing, it is reasonable to estimate that, at a minimum, $60,000 is in controversy for Plaintiff's alleged emotional distress. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-1945, 2016 U.S. Dist. LEXIS 94176, *15 (N.D. Cal. July 19, 2016) (holding emotional distress damages to prevailing plaintiff in retaliatory termination case based on the filing of a complaint "more likely than not will exceed $75,000").

20. **Punitive Damages.** Plaintiff also seeks punitive damages. Ex. 1, Complaint ¶¶ 39, 46, Prayer. Plaintiff's punitive damages claims are considered for purposes of determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Punitive damage awards in retaliatory termination cases can be substantial. *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-1945, 2016 U.S. Dist. LEXIS 94176, *17 (N.D. Cal. July 19, 2016) (citing punitive damage awards of $200,000 and $1,550,000 in retaliatory termination claims based on filing a complaint/report).

21. While not establishing a "bright-line ratio," the U.S. Supreme Court has

Defendants' Notice of Removal of Action        7.

instructed that a punitive damage "award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003). *See also Noyes v. Kelly Servs., Inc.*, 349 Fed. Appx. 185, 187 (9th Cir. 2009) (affirming reduction of punitive damage award to 1-to-1 ratio). "A ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy." *Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 U.S. Dist. LEXIS 109027, *24 (N.D. Cal. Aug. 18, 2015) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698, 701 (9th Cir. 2007)). *Accord Garfias v. Team Indus. Servs., Inc.*, No. 17-4282, 2017 U.S. Dist. LEXIS 167370, *13 (C.D. Cal. Oct. 10, 2017). Defendants dispute that Plaintiff is entitled to any punitive damages, but even assuming a punitive damage award with a 1:1 ratio to economic damages, the amount of punitive damages in controversy is at least $24,970.40.

22.   **Attorney's Fees.** Plaintiff also seeks attorney's fees under California Code of Civil Procedure § 1021.5. Ex. 1, Complaint, ¶¶ 47, Prayer. Attorney's fees are included in the amount in controversy calculation. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998); *Gonzales*, 840 F.3d at 648-49.

23.   "The reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases." *Garcia v. ACE Cash Express, Inc.*, No. 14-285, 2014 U.S. Dist. LEXIS 76351, *14 (C.D. Cal. May 30, 2014). "Employment claims have been found to 'require substantial effort from counsel.'" *Id.* at *15. *Accord Sasso v. Noble Utah Long Beach, LLC*, No. 14-9154, 2015 U.S. Dist. LEXIS 25921, *12 (C.D. Cal. Mar. 3, 2015). Courts have held that a reasonable hourly rate for employment cases is $300 and that hourly estimates in such cases through trial range from 100 hours to 300 hours. *Garcia*, 2014 U.S. Dist. LEXIS 76351, *15; *Sasso*, 2015 U.S. Dist. LEXIS 25921, *12; *Benns v. ITT Educ. Servs.*, No. 16-3298, 2016 U.S. Dist. LEXIS 91218, *6 (C.D. Cal. July 11, 2016); *Stainbrook v. Target*

Defendants' Notice of Removal of Action          8.

*Corp.*, No. 16-90, 2016 U.S. Dist. LEXIS 74844, *13 (C.D. Cal. June 8, 2016); *Castanon v. Int'l Paper Co.*, No. 15-8362, 2016 U.S. Dist. LEXIS 17160, *13-14 (C.D. Cal. Feb. 11, 2016); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 15-4035, 2015 U.S. Dist. LEXIS 98517, *9 (C.D. Cal. July 27, 2015); *Castillo v. ABM Indus., Inc.*, No. 17-1889, 2017 U.S. Dist. LEXIS 192939, *7-8 (C.D. Cal. Nov. 20, 2017). Accordingly, the amount of attorney's fees in controversy reasonably can be expected to be at least $30,000 ($300 x 100 hours).

24.   Thus, while Defendants' position is that Plaintiff is not entitled to any damages or fees, the minimum amount in controversy as of the date of this Notice of Removal of Action appears to be $139,940.80, which is the sum of $24,970.40 in economic damages to date, $24,970.40 in punitive damages, $60,000 in emotional distress damages, and $30,000 in attorney's fees.

25.   Accordingly, the requirements of 28 U.S.C. § 1332(a) have been met because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this case is a civil action between citizens of different states.

## VENUE

26.   Venue is proper in this district and division because San Diego County Superior Court is located within the federal Southern District of California and this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF

27.   As required by 28 U.S.C. § 1446(d), Defendants provided written notice of the filing of this Notice of Removal of Action to Plaintiff. Ex. 2, Defendants' Notice to Adverse Party of Removal to Federal Court.

## NOTICE TO THE SAN DIEGO COUNTY SUPERIOR COURT

28.   Defendants also filed this Notice of Removal of Action with the Clerk of the San Diego County Superior Court. Ex. 3, Notice to State Court of Removal of Civil Action to Federal Court.

Defendants' Notice of Removal of Action          9.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants remove this case from the Superior Court of the State of California, County of San Diego, to the United States Court for the Southern District of California.

Dated: March 14, 2018

*/s/ Michael C. Christman*
Michael C. Christman
Attorneys for Defendants
MACY'S WEST STORES, INC. and
MACY'S, INC.

Defendants' Notice of Removal of Action          10.