# EXHIBIT 1

**SUM-100**

# SUMMONS
### (CITACION JUDICIAL)

FILED
CIVIL BUSINESS OFFICE D
CENTRAL *PARA USO DE LA CORTE*

2018 FEB -8 P 1: 03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MACY'S WEST STORES, INC., a Ohio corporation; MACY'S INC., a
Delaware corporation; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DAN NITA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego County Superior Court<br><br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número de Caso):*<br>37-2018-00008756-CU-WT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sang J Park, Mathew & George, 500 S. Grand Ave., Ste. 1490, Los Angeles, CA 90071, (310) 478-4349

| DATE:<br>*(Fecha)* | FEB 0 8 2018 | Clerk, by<br>*(Secretario)* | B. Schmeizel | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
MACY'S WEST STORES, INC., A OHIO
3. ☒ on behalf of *(specify):* CORPORATION

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2018-00006756-CU-WT-CTL     CASE TITLE: Dan Nita vs Macys West Stores Inc [IMAGED]

<u>NOTICE</u>: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Dan Nita |
|---|
| DEFENDANT(S): Macys West Stores Inc et.al. |
| SHORT TITLE: DAN NITA VS MACYS WEST STORES INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2018-00006756-CU-WT-CTL |
|---|---|

Judge: John S. Meyer                                    Department: C-64

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                          _____
Name of Plaintiff                                Name of Defendant

_____                          _____
Signature                                        Signature

_____                          _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____                          _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 02/08/2018                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION                Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7064 |

PLAINTIFF(S) / PETITIONER(S):   Dan Nita

DEFENDANT(S) / RESPONDENT(S):   Macys West Stores Inc et.al.

DAN NITA VS MACYS WEST STORES INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2018-00006756-CU-WT-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   John S. Meyer                                                         Department: C-64

**COMPLAINT/PETITION FILED: 02/08/2018**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/13/2018 | 09:45 am | C-64 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FILED |
|---|---|
| Sang J Park, SBN 232956<br>Mathew & George<br>500 South Grand Avenue, Suite 1490<br>Los Angeles, California 90071<br>TELEPHONE NO.: 310-478-4349   FAX NO.: 310-478-9580<br>ATTORNEY FOR *(Name):* Plaintiff Dan Nita | *(SUPERIOR COURT ISO ONLY)*<br>CIVIL BUSINESS OFFICE<br>CENTRAL DIVISION<br>2018 FEB -8 P 1: 03<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY. CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME:

CASE NAME:
Dan Nita v. Macy's West Stores, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2018-00006756-CU-WT-CTL |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: February 6, 2018

Sang J Park, SBN 232956
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
 Property Damage/Wrongful Death)
 Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
 Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

ABRAHAM MATHEW, SBN 181110
*abraham@mathewandgeorge.com*
JACOB GEORGE, SBN 213612
*jacob@mathewandgeorge.com*
SANG J PARK, SBN 232956
*sang@mathewandgeorge.com*
MATHEW & GEORGE
500 South Grand Avenue, Suite 1490
Los Angeles, California 90071
Telephone:    (310) 478-4349
Fax:          (310) 478-9580

Attorneys for Plaintiff

FILED
CIVIL BUSINESS OFFICE 5
CENTRAL DIVISION

2018 FEB -8 P 1: 03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DAN NITA,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S WEST STORES, INC., a Ohio corporation; MACY'S INC., a Delaware corporation; and DOES 1 to 10,<br><br>Defendants. | Case No.:<br>37-2018-00008758-CU-WT-CTL<br><br>**COMPLAINT**<br><br>(1)  Retaliation & Wrongful Termination in Violation of Lab. Code § 1102.5;<br><br>(2)  Retaliation & Wrongful Termination in Violation of Public Policy |

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

## JURISDICTION

1.     The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     The California Superior Court has jurisdiction over Defendants because each is a corporation and/or entity and/or person that has sufficient minimum contacts in California, each is a citizen of California, or each otherwise purposely availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## PARTIES AND VENUE

3.     Plaintiff is, and at all relevant times was, a citizen and resident of the State of California, County of San Diego.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendant Macy's West Stores, Inc. is, and at all relevant times was, an Ohio company doing business at various locations throughout California; and, that Defendant Macy's, Inc., which will do business in California as Macy's Stores of California is, and at all relevant times was, a Delaware company doing business at various locations throughout California (collectively, "Macy's").

5.     Plaintiff worked at Macy's store #547 in La Jolla, California, and his causes of action set forth in this Complaint occurred there.

6.     The true names and capacities, whether corporate, associate, individual, or otherwise of Defendants DOES 1 to 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Each of Defendants designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred, and caused injuries and damages proximately thereby to Plaintiff as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

## CORPORATE LIABILITY FOR PUNITIVE DAMAGES

7.      Macy's conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by their officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by their officers, directors, and/or managing agents as those terms are used in Civil Code, §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages.

8.      Further Macy's had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual perpetrators whose actions and conduct were authorized, approved, and/or ratified by Macy's directors, officers, and/or managing agents.

## FACTUAL ALLEGATIONS

9.      Macy's employed Plaintiff as a Sales Associate in their Men's Store from August 26, 2013 to February 24, 2016.  Plaintiff last earned $10 an hour.

10.     Plaintiff is a 45-year old male.

11.     Plaintiff performed well.  He was the top employee in his department, and he was consistently ranked as one of the top ten Sales Associates in the entire store.

### "I don't need old and slow people working here:"

### Macy's management harass Plaintiff because of his age

12.     Beginning in Spring 2015, Plaintiff's manager, Kirsten Baldueza, harassed Plaintiff because of his age.  Ms. Baldueza is in her late 20s/early 30s.

13.     Ms. Baldueza would regularly and openly call Plaintiff "old and slow;" "old buddy;" and "stuck in his old ways."

14.     For example, Plaintiff was tasked with merchandising at the store's "go-back racks."  While Plaintiff diligently carried out his tasks, Ms. Baldueza would say to him, "move faster, old buddy!" and, "I don't need old and slow people working here!"

15.     Ms. Baldueza also treated Plaintiff very differently than his younger co-workers. For example, in May 2015, Ms. Baldueza gave Plaintiff's co-workers the company required Annual Evaluation letters.  But Ms. Baldueza did not give Plaintiff his annual evaluation.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

16.     Plaintiff only learned about Ms. Baldueza's disparate treatment when his co-worker, Charmaine George, told Plaintiff about the annual evaluations.

17.     Also Macy's managers refused to mentor and coach Plaintiff as required by the company's Sale's Associate professional development program.

18.     In July 2015—and as Macy's continual harassment of Plaintiff based on his age—Ms. Baldueza gave Plaintiff a bogus performance write-up for failing to "greet" a customer purportedly close by.  Ms. Baldueza never gave any of Plaintiff's younger co-workers a warning, much less a formal performance write-up, for failing to "greet" every customer.

19.     Then, in early October 2015, Macy's suddenly suspends Plaintiff and gives him a second and final "disciplinary warning" for purportedly failing to help a customer find a t-shirt and not taking his lunch one hour into his shift.

20.     Macy's adverse employment actions against Plaintiff are levied by Macy's Manager, Leslie Cho-Murphy.  Ms. Murphy is in her 20s.

21.     Plaintiff's younger co-workers, including Nona Akopian and Raul Marthe, did not receive the same disciplinary warning for doing the same thing.  In fact, Plaintiff's co-workers commonly took their breaks later than scheduled without any repercussions.

22.     And as a condition of his continual employment, Ms. Cho-Murphy placed onerous requirements on Plaintiff—requirements unique to Plaintiff only and requirements that assured Plaintiff's inevitable termination.

23.     Ms. Cho-Murphy told Plaintiff that he would be immediately terminated if he did not "meet all of Macy's expectations" for one full year.

"Going forward, if your performance/conduct does not meet all of Macy's expectation(s), immediate termination may result.  Once you have performed successfully for 1 year, your record will show that you are meeting all of Macy's expectations."

24.     As one of Plaintiff's "meeting all of Macy's expectations," Ms. Cho-Murphy unreasonably required Plaintiff to know everything about every style of jeans sold in Macy's.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1  And Ms. Cho-Murphy required Plaintiff to be able to "answer any question a customer could

2  possibly have" about every style of jeans sold in Macy's—a fool's errand.

3      25.    In short, Ms. Cho-Murphy was setting Plaintiff up for failure: Ms. Cho-Murphy

4  would terminate Plaintiff's employment if he just missed one customer's question about nearly a

5  dozen different cuts and styles of jeans—for one year.

6      26.    Ms. Cho-Murphy did not hold Plaintiff's co-workers to the same standard.

7      **Macy's fires Plaintiff after he complains about age discrimination**

8      27.    On or about October 4, 2015 Plaintiff makes a formal complaint to Macy's

9  Office of Compliance Connections about his managers' discriminating and harassing him based

10  on his age.

11      28.    Macy's refuses to investigate Plaintiff's complaints.  Instead Macy's Regional

12  Director of HR, Jay West, speaks with Plaintiff only and concedes that Plaintiff's managers'

13  actions were discriminatory and unfair.  Then Ms. West incredulously blames Plaintiff for his

14  managers' unlawful and discriminatory actions.

15      29.    Then, on February 24, 2016, Macy's terminates Plaintiff because of his age and

16  in retaliation for his complaints about unlawful discrimination and harassment based on his age.

17                          **<u>FIRST CAUSE OF ACTION</u>**

18              **Retaliation and Wrongful Termination in Violation of**

19              **Labor Code § 1102.5 –Whistleblower Protection Act**

20                      **(Plaintiff against all Defendants)**

21      30.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

22      31.    At all times set forth in this Complaint, Plaintiff was an employee of Defendants

23  and was protected by California Labor Code § 1102.5.

24      32.    At all times set forth in this Complaint, California Labor Code § 1102.5 was in

25  effect and provides, in part, that:

26      "(a)    An employer may not make, adopt, or enforce any rule, regulation, or

27              policy preventing an employee from disclosing information to a government or

28              law enforcement agency, where the employee has reasonable cause to believe

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Page 4

COMPLAINT

that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(b)   An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(c)   An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(d)   An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

33.   As detailed above, Plaintiff reported his managers' discriminating and harassing him based on his age to Macy's Office of Compliance Connections and HR.

34.   Plaintiff had reasonable cause to believe that the information disclosed was a violation of state and/or federal laws, rules, and/or regulations, including California Govt. Code §§ 12940, et seq.

35.   Shortly after Plaintiff disclosed the unlawful activity, and as detailed above, Defendants maintained a hostile work environment harassment against Plaintiff, and terminated Plaintiff's employment.

36.   Plaintiff's reporting/disclosing of the unlawful activity was the cause of Defendants' maintaining a hostile work environment harassment against Plaintiff, and terminating Plaintiff's employment.

37.   By maintaining a hostile work environment harassment against Plaintiff, and terminating Plaintiff's employment in retaliation for his reporting his managers' discriminating and harassing him based on his age, and as otherwise may be discovered, Defendants violated California Labor Code § 1102.5.

38.     Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, by violating Labor Code § 1102.5, et seq. as is set forth throughout this Complaint.

39.     As a direct and proximate result of Defendants' malicious, oppressive, fraudulent, and despicable violations of Labor Code § 1102.5, et seq. as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, the need for punitive damages, including, but not limited to the following:

(a)     Damages for severe, excruciating and traumatic emotional distress and physical manifestations of the emotional distress and exacerbation of those injuries and symptoms, ulcers, loss of identity, tightness in chest, increased blood pressure, humiliation, crying daily, grief, nervousness, anger, shame, feeling trapped, frustration, frightening questions that plague her mind, anxiety, depression, headaches, breathing problems, panic attacks, suffocation feeling, dizziness, nausea, disorientation, trouble concentrating, sorrow, worry, low self-esteem, hopelessness, bad dreams about Defendants, insomnia, the stigma about being terminated, loss of and damage to close relationships, and related emotional and mental anguish all in an amount to be determined by the jury at the trial of this matter;

(b)     Damages for past loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, with such damages increasing each day, plus interest in an amount to be determined by the jury at the trial of this matter;

(c)     Damages for future loss of earnings, bonuses and benefits, in spite of continuing attempts at mitigating damages, in an amount to be determined by the jury at the trial of this matter;

(d)     Damages for consequential financial losses and additional emotional distress damages, increasing with each day, including, but not limited to,

Page 6

COMPLAINT

the inability to timely pay bills resulting in fees and penalties for failure to pay timely, loss of 401(K), financial penalties, personal loans, harassing communications from bill collectors, and other consequential losses all of which have put extreme pressure on his life, family, and other treasured relationships, inflaming anxiety and arguments and causing further severe emotional distress in an amount to be determined by the jury at the trial of this matter; and

(e)    The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff, subjecting him to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

<u>SECOND CAUSE OF ACTION</u>

**Retaliation and Wrongful Termination in Violation of Public Policy**

**(Plaintiff against all Defendants)**

40.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

41.    At all times material hereto, Plaintiff was an employee of Defendants.

42.    At all times material hereto, the following statute was in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and was binding on Defendants at the time of Plaintiff's employment and termination:

- Cal. Gov. Code § 12940(a), et seq. prohibits harassment, discrimination,

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

retaliation, and failure to prevent discrimination based on age.

- Cal. Labor Code § 1102.5 prohibits retaliation against or termination of an employee for complaining about a violation of law by the company.

43.   Plaintiff engaged in a protected activity under California Government Code § 12940(a) and Cal. Labor Code § 1102.5 by making complaints to Defendants about discrimination and harassment based on age pursuant to the allegations above.

44.   As detailed above, Defendants violated the law and the well-settled public policy set forth in Cal. Gov. Code § 12940(a), et seq. and Cal. Labor Code § 1102.5 by harassing, discriminating against, retaliating against, failing to prevent discrimination, retaliation, and harassment, and by ultimately terminating Plaintiff's employment based on his age.

45.   As a direct, foreseeable and proximate result of Defendants' behavior, Plaintiff has suffered, and continues to suffer, damages in an amount according to proof at trial.

46.   Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described above deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff and that such improper motives amounted to malice and a conscious disregard of Plaintiff's rights.   Pursuant to Civil Code § 3294, an award of punitive damages against Defendants is therefore warranted.

47.   As a result of Defendants' illegal conduct, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

## PRAYER FOR RELIEF

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

1.   For special damages, including but not limited to, lost earnings, benefits and/or out-of-pocket expenses in an amount according to proof at the time of trial, all in an amount set forth above and/or according to proof at the time of trial;

2.   For further special damages, including but not limited to, lost future earnings, benefits and other prospective damages in an amount set forth above and/or according to proof at the time of trial;

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

3.    For other special damages according to proof, including but not limited to reasonable medical expenses;

4.    For general damages in an amount set forth above and/or according to proof at the time of trial;

5.    For punitive and exemplary damages in an amount according to proof at the time of trial;

6.    For interest on the amount of losses incurred in loss of earnings, deferred compensation, and other employee benefits at the prevailing legal rate;

7.    For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiff and for violations of Plaintiff's civil rights as set forth above; and pursuant to the California Government Code § 12965(b), and California Code of Civil Procedure 1021.5;

8.    For such other and further relief as the Court may deem equitable and appropriate.

Respectfully Submitted,

Dated: February ___, 2018            MATHEW & GEORGE

By: _____
    Sang J Park

    Attorneys for Plaintiff

COMPLAINT

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1

## DEMAND FOR JURY TRIAL

2  Plaintiff hereby respectfully demands a jury trial.

3

4

5  Respectfully Submitted,

6  Dated: February b, 2018    MATHEW & GEORGE

7

8

9  By: _____
   Sang J Park

10

11  Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

COMPLAINT

1   MICHAEL C. CHRISTMAN, SBN 319758
    MACY'S LAW DEPARTMENT
2   11477 Olde Cabin Rd., Suite 400
    St. Louis, MO 63141
3   Telephone:    (314) 342-6334
    Facsimile:    (314) 342-6366
4   E-mail:       michael.christman@macys.com

5   Attorneys for Defendants
    MACY'S WEST STORES, INC. and MACY'S, INC.
6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF SAN DIEGO

9   DAN NITA,                              Case No.: 37-2018-00006756-CU-WT-CTL
10                 Plaintiff,
11         vs.                             **ANSWER AND DEFENSES TO PLAINTIFF'S
                                           COMPLAINT**
12  MACY'S WEST STORES, INC., a Ohio
    corporation; MACY'S, INC., a Delaware  **IMAGED FILE**
13  corporation; and DOES 1 to 10,
                                           Complaint Filed:    February 8, 2018
14                 Defendants.
15
16

17

18         In answer to Plaintiff Dan Nita's ("Plaintiff") complaint ("Complaint"), Defendants Macy's

19  West Stores, Inc. and Macy's, Inc. (collectively, "Defendants"), subject to and without waiving its

20  right to compel arbitration, admits, denies, and alleges as follows:

21                             **GENERAL DENIAL**

22         Pursuant to Code of Civil Procedure § 431.30, Defendants generally deny each and every

23  allegation of Plaintiff's Complaint, further deny that Plaintiff has been damaged in any way

24  whatsoever, and further specifically deny that Plaintiff sustained injury, damage, or loss by reason of

25  any conduct, action, error, or omission on the part of Defendants or any agent, employee, or other

26  person acting under Defendants' authority or control. Defendants further deny that Plaintiff is

27  entitled to any legal or equitable relief in any amount or manner whatsoever from Defendants. This

28  general denial to the Complaint is filed without prejudice to Defendants' right to file amended

answers, including affirmative defenses, and is filed without prejudice to or waiver of Defendants' right to compel arbitration of Plaintiff's claims.

### DEFENSES

For further answer and separate affirmative defenses to Plaintiff's Complaint, and each and every purported cause of action therein, Defendants allege as follows:

### FIRST DEFENSE

### (Entire Action Subject to Binding Arbitration)

Plaintiff's Complaint and claims therein, and this action, are subject to binding arbitration, pursuant to Plaintiff's agreement to arbitrate all disputes arising from or related to his employment, and this Court lacks jurisdiction to hear Plaintiff's claims. Defendants will move to compel Plaintiff to arbitration, and this action should be stayed during the arbitration.

### SECOND DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to allege facts sufficient to constitute claims for relief against Defendants.

### THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff's Complaint and claims are barred to the extent that Plaintiff failed to exhaust the required administrative remedies.

### FOURTH DEFENSE

### (Failure to Mitigate/Avoidable Consequences)

Defendants owe no obligation to Plaintiff with respect to the matters described in Plaintiff's Complaint to the extent Plaintiff failed to mitigate, minimize, or otherwise avoid losses, damages, or expenses and/or pursuant to the doctrine of avoidable consequences.

### FIFTH DEFENSE

### (Waiver)

Plaintiff's Complaint and claims are barred in whole or in part by the doctrine of waiver.

1

### **SIXTH DEFENSE**

2

#### **(Estoppel)**

3

Plaintiff's Complaint and claims are barred in whole or in part by estoppel.

4

### **SEVENTH DEFENSE**

5

#### **(At-Will Employment)**

6

Plaintiff was an at-will employee pursuant to California Labor Code section 2922, and thus,

7

his employment could be terminated, and his compensation and job responsibilities modified, at-

8

will.

9

### **EIGHTH DEFENSE**

10

#### **(Performance of Duties and Obligations)**

11

Defendants allege, without admitting to the existence of any duties or obligations as alleged

12

in the Complaint, that any duty or obligation, contractual or otherwise, which Plaintiff claims is

13

owed by Defendants has been fully performed, satisfied, or discharged.

14

### **NINTH DEFENSE**

15

#### **(Comparative Fault)**

16

Plaintiff's alleged damages or injuries, if any, were proximately caused in whole or in part by

17

the acts and/or omissions of persons and entities other than Defendants, including Plaintiff.

18

### **TENTH DEFENSE**

19

#### **(Improper Party)**

20

Defendant Macy's, Inc. is not a proper party to this action because it did not employ Plaintiff.

21

### **ELEVENTH DEFENSE**

22

#### **(Failure to Take Advantage of Safeguards)**

23

Defendants had, at all relevant times, an anti-discrimination, anti-harassment, and anti-

24

retaliation policy and complaint procedure in place and Plaintiff failed to avail himself of the internal

25

procedures for complaints of discrimination, harassment, and retaliation. Plaintiff's damages, if any,

26

are reduced to the extent Plaintiff failed to take advantage of his employer's safeguards to avoid and

27

/ / /

3.

eliminate alleged discrimination, harassment, and retaliation, which failure to act by Plaintiff caused or contributed to the claimed damages, if any.

## TWELFTH DEFENSE

### (Failure to State a Claim – Punitive Damages)

Plaintiff's Complaint fails to state facts sufficient to constitute a claim for punitive damages against Defendants.  Furthermore, Defendants did not commit oppressive, intentional, or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, nor did Defendants authorize or ratify any such acts.

## THIRTEENTH DEFENSE

### (Actions Justified)

Any conduct attributed to Defendants was justified, made in good faith, for legitimate, non-discriminatory and non-retaliatory business reasons, was protected by the managerial privilege, and/or was otherwise privileged.

## FOURTEENTH DEFENSE

### (Actions In Conformity with Laws)

At all times relevant, Defendants acted in good faith and have not violated any rights Plaintiff may have under federal, state, or local laws, rules, regulations, or guidelines.

## FIFTEENTH DEFENSE

### (After-Acquired Evidence)

To the extent Defendants obtain, through discovery or otherwise, after-acquired evidence of wrongdoing by Plaintiff, the Complaint and claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

/ / /

/ / /

/ / /

/ / /

4.

## SIXTEENTH DEFENSE

### (No Causation)

The Complaint and claims therein cannot be maintained against Defendants because Plaintiff has failed to allege the requisite causal connection between any alleged protected activities and any alleged adverse employment action.

## SEVENTEENTH DEFENSE

### (Punitive Damages Would Violate Defendant's Constitutional Rights)

Plaintiff is not entitled to recover any punitive damages because any award in this action would violate Defendants' rights to due process and/or equal protection under the United States and/or California Constitutions.

## EIGHTEENTH DEFENSE

### (Justification)

Plaintiff's Complaint and causes of action are barred in whole or in part by the doctrine of justification.

## RESERVATION OF RIGHTS

Because Plaintiff's Complaint is couched in conclusory terms and discovery has not yet begun, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants' right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, having generally denied Plaintiff's Complaint and having alleged affirmative defenses, Defendants pray:

1. That this action be referred in its entirety to binding arbitration and stayed;

2. That Plaintiff take nothing by his Complaint;

3. For judgment in Defendants' favor and dismissal of all of Plaintiff's claims;

4. To recover their costs and attorneys' fees incurred in this action; and

5. For such other and further relief as the Court may deem proper.

5.

1

2

3   Dated:  March  8, 2018

4                                                    */s/ Michael C. Christman*
                                                   Michael C. Christman
5                                                  Attorneys for Defendants
                                                   MACY'S WEST STORES, INC. and
6                                                  MACY'S, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of St. Louis, State of Missouri.  I am over the age of eighteen years and not a party to the within action; my business address is 11477 Olde Cabin Rd., Suite 400, St. Louis, MO 63141

On March 8, 2018, I served the within:

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

on the parties in said cause:

| | |
|---|---|
| | by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a). |
| | by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Macy's ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. |
| X | by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by United Parcel Service or delivering same to an authorized courier or driver authorized by United Parcel Service to receive documents, addressed as set forth below. |
| X | by forwarding a true and correct copy thereof electronically from e-mail address matthew.hendricks@macys.com to the persons at the e-mail addresses set forth below. |

ABRAHAM MATHEW            *Attorneys for Plaintiff*
abraham@mathewandgeorge.com
JACOB GEORGE
jacob@mathewandgeorge.com
SANG J PARK
sang@mathewandgeorge.com
MATHEW & GEORGE
500South Grand Avenue, Suite 1490
Los Angeles, California 90071

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 8, 2018 at St. Louis, Missouri.

Matthew Hendricks

7.
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT